**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

FEDERICO PEDRO RAMIREZ RAMERIZ,

      Petitioner,

v.                                  No. 1:26-cv-00396-MLG-GJF

MARKWAYNE MULLIN,[1] Secretary,
U.S. Department of Homeland
Security, et al.,

      Respondents.

**ORDER GRANTING PETITION FOR WRIT OF HABEAS CORPUS AND DIRECTING**
**RESPONDENTS TO CONDUCT A BOND HEARING PURSUANT TO 8 U.S.C. § 1226(a)**

This matter is before the Court on Petitioner Federico Pedro Ramirez Rameriz's Verified Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 ("Petition") filed February 12, 2026. Doc. 1. Ramirez Rameriz, a Mexican citizen, is detained at the Torrence County Detention Center in Estancia, New Mexico. *Id.* at 1, 3 ¶¶ 1, 12. He has been detained since June 20, 2025. *Id.* at 10 ¶ 40. On August 13, 2025, an Immigration Judge (IJ) denied Ramirez Rameriz's bond request on the grounds that he is mandatorily detained under 8 U.S.C. § 1225(b)(2)(A). *Id.* at 11 ¶ 44; Doc. 1-2 at 1 (ruling Ramirez Rameriz is an "applicant for admission" and the court lacked jurisdiction to review the bond determination because "Congress requires the detention of applicants for admission").

Ramirez Rameriz challenges his continued detention and seeks a writ of habeas corpus under 28 U.S.C. § 2241 directing federal immigration authorities to release him or conduct a bond

---

[1] Secretary Mullin is automatically substituted for his predecessor under Federal Rule of Civil Procedure 25(d).

hearing pursuant to 8 U.S.C. § 1226(a). Doc. 1 at 2, 3, 12-13 ¶¶ 3-6, 7. He also requests the Court

grant injunctive relief, including enjoining Respondents from transferring him outside of the State

of New Mexico during the pendency before the requested bond hearing. *Id.*[2] On February 26, 2026,

Federal Respondents[3] filed a Response to the Petition. Doc. 5.

Whether Ramirez Rameriz is eligible for a bond hearing pursuant to 8 U.S.C. § 1226(a), or

whether he is instead subject to the mandatory detention provision provided by 8 U.S.C.

§ 1225(b)(2)(A),[4] is a question the Court has already addressed in regard to similarly situated

petitioners. *See, e.g.*, *Cortez-Gonzales v. Noem*, 811 F. Supp. 3d 1287, 1295-98 (D.N.M. 2025);

*Diaz-Cruz v. Dedos*, No. 1:25-cv-01117, 2025 WL 3628517, at *2 (D.N.M. Dec. 12, 2025);

*Gonzales Ramos v. Dedos*, No. 1:25-cv-00975, 2025 WL 3653928, at *2-5 (D.N.M. Dec. 17,

2025). Like the "vast majority" of courts confronted with this issue, the Court has concluded that

§ 1226(a)—not § 1225(b)(2)(A)—governs the detention of noncitizens[5] like Ramirez Rameriz,

who has resided in the United States since 1998. Doc. 1 at 10 ¶ 38; *see, e.g.*, *Bethancourt Soto v.*

---

[2] The Court in its Order to Show Cause enjoined Respondents from transferring Ramirez Rameriz outside the District of New Mexico while this proceeding is pending. Doc. 3 at 2-3.

[3] Secretary of the Department of Homeland Security, the United States Attorney General, the Acting Director of the U.S. Immigration and Customs Enforcement (ICE), and the El Paso Field Office Director of ICE are referred to as "Federal Respondents."

[4] *Compare* § 1226(a)(2) ("On a warrant issued by the Attorney General, a[] [noncitizen] may be arrested and detained pending a decision on whether the [noncitizen] is to be removed from the United States . . . and pending such decision, the Attorney General . . . *may* release the [noncitizen] on . . . bond of at least $1,500 . . . ." (emphasis added)), *with* § 1225(b)(2)(A) ("[I]n the case of a[] [noncitizen] who is an applicant for admission, if the examining immigration officer determines that a[] [noncitizen] seeking admission is not clearly and beyond a doubt entitled to be admitted, the [noncitizen] *shall* be detained for a proceeding under section 1229a . . . ." (emphasis added)).

[5] "This [order] uses the term 'noncitizen' as equivalent to the statutory term 'alien.'" *Nasrallah v. Barr*, 590 U.S. 573, 578 n.2 (2020); *see generally* 8 U.S.C. § 1101(a)(3) ("The term 'alien' means any person not a citizen or national of the United States.").

*Soto*, 807 F.Supp.3d 397, 408 (D.N.J. 2025) (emphasis removed) (collecting cases concluding that "§ 1225(b)(2)(A) applies only to noncitizens who are actively, *i.e.*, affirmatively, 'seeking admission' to the United States" and not to noncitizens who have been residing in the United States for several years); *Barco Mercado v. Francis*, No. 25-CV-6582 (LAK), 2025 WL 3295903, at *4, n.22 (S.D.N.Y. Nov. 26, 2025) (noting the interpretation that § 1225 requires mandatory detention of all noncitizens living in the United States was rejected in 350 cases "decided by over 160 different judges sitting in about fifty different courts spread across the United States" and collecting cases in an Appendix A).

Federal Respondents agree the Court's previous rulings control the outcome of this case because "the facts are not materially distinguishable for the purposes of the Court's decision on the legal issue of which statutory provisions govern Petitioner's detention." *See* Doc. 5 at 2. They assert that Ramirez Rameriz—like other similarly situated persons—is "subject to mandatory detention under § 1225(b)(2), because he was present in the United States without being admitted or paroled." *Id.* at 1. In advancing this argument, Federal Respondents once again cite the Board of Immigration Appeals' ("BIA") opinion in *Matter of Yajure Hurtado*, 29 I. & N. Dec. 216 (BIA 2025). *Id*. The BIA's opinion is not binding on the Court, and the Court rejects the BIA's interpretation of the statutes for the same reasons articulated in its other decisions. *See, e.g.*, *Cortez-Gonzales*, 811 F.Supp.3d at 1298 ("This Court is not bound by the BIA's interpretation of the relevant statutes—particularly when the [interpretation] lacks sound legal foundation."); *see also Loper Bright Enters. v. Raimondo*, 603 U.S. 369, 386 (2024) ("The views of the Executive Branch [may] inform the judgment of the Judiciary, but [do] not supersede it."). Federal Respondents also cite the United States Court of Appeals for the Fifth Circuit's recent decision in *Buenrostro-Mendez*

3

*v. Bondi*, 166 F.4th 494 (5th Cir. 2026). Doc. 5 at 2 n. 1. This is similarly not binding authority, and, respectfully, the Court does not find the majority opinion persuasive.

The Court therefore concludes § 1226(a) governs Ramirez Rameriz's detention. Respondents' reliance on § 1225(b)(2)(A) to detain Ramirez Rameriz without a bond hearing constitutes an ongoing violation of his right to due process under the Fifth Amendment to the United States Constitution. *See Lopez-Campos v. Raycraft*, 797 F. Supp. 3d 771, 785 (E.D. Mich. 2025) ("The discretionary bond framework under Section 1226(a) requires a bond hearing to make an individualized custody determination . . . . Therefore, without first evaluating [a noncitizen's] risk of flight or dangerousness, his detention is a violation of his due process rights."); *Jennings v. Rodriguez*, 583 U.S. 281, 306 (2018) ("Federal regulations provide that aliens detained under § 1226(a) receive bond hearings at the outset of detention."); *see also Reno v. Flores*, 507 U.S. 292, 306 (1993) ("It is well established that the Fifth Amendment entitles [noncitizens] to due process of law in deportation proceedings."); *Zadvydas v. Davis*, 533 U.S. 678, 693 (2001) ("[O]nce [a] [noncitizen] enters the country, the legal circumstance changes, for the Due Process Clause applies to all 'persons' within the United States, including [noncitizens], whether their presence here is lawful, unlawful, temporary, or permanent.")..

Accordingly, the Court hereby grants Ramirez Rameriz's request for a bond hearing. Federal Respondents are ordered to provide Ramirez Rameriz with an individualized bond hearing pursuant to § 1226(a) before a neutral immigration judge within seven days[6] of this Order's filing. At the bond hearing, federal Respondents must justify Ramirez Rameriz's continued detention by

---

[6] The deadlines in this order are to be calculated in accordance with Federal Rule of Civil Procedure 6.

clear and convincing evidence. [7] If Federal Respondents fail to meet this evidentiary burden, Ramirez Rameriz should be released on appropriate conditions. Federal Respondents are further ordered to file a status report within ten days of this Order's filing to certify their compliance. The status report must include when the bond hearing occurred, if bond was granted or denied, and, if bond was denied, the reason(s) for the denial.

If Ramirez Rameriz does not receive a bond hearing in accordance with this Order, the Court may order his immediate release.

It is so ordered.

UNITED STATES DISTRICT JUDGE
MATTHEW L. GARCIA

---

[7] Several years ago, the United States Supreme Court declined to decide whether the Due Process Clause of the Fifth Amendment to the United States Constitution requires that noncitizens being detained pursuant to § 1225 and § 1226 receive periodic bond hearings "at which the Government proves by clear and convincing evidence that . . . detention remains justified." *Jennings v. Rodriguez*, 583 U.S. 281, 291, 312-14 (2018). "Since *Jennings*, a number of district courts have taken up the question left open by the Supreme Court, and there has emerged a consensus view that where, as here, the government seeks to detain an alien pending removal proceedings, it bears the burden of proving that such detention is justified." *Darko v. Sessions*, 342 F. Supp. 3d 429, 435 (S.D.N.Y. 2018). The Court agrees that "given the important constitutional interests at stake, and the risk of harm in the event of error, it is appropriate to require the government to bear the burden . . . ." *Id.* Thus, "in accordance with the overwhelming majority of courts to have decided the issue," the Court "concludes that the government must bear the burden by clear and convincing evidence." *Id.* at 436. Ramirez Rameriz's strong private interest in being free from detention, the small risk of erroneous deprivation by shifting the burden to Respondents, and the minimal burden for Respondents to have the burden of proof balance in favor of shifting the burden of proof to Respondents. *See Lopez-Romero v. Lyons*, No. 2:25-cv-01113-MIS-JHR, 2026 WL 92873, at **6–7 (D.N.M. Jan. 13, 2026) (finding the factors set forth in *Matthews v. Eldridge,* 424 U.S. 319, 335 (1976) balance in favor of shifting the burden to the government to demonstrate by clear and convincing evidence that the petitioner does not pose a flight risk or danger to the community during a § 1226 bond hearing).